IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

JESSE A. LYNCH,

        Plaintiff,

v.                                  Case No. 2:13-cv-30987

DAVID BALLARD, Warden,
And JIM RUBENSTEIN, Commissioner,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

On December 4, 2013, the plaintiff filed a Complaint alleging that he has been denied his constitutionally protected right to marry because prison officials will not grant him permission to get married while in prison without first completing certain educational programing.  (ECF No. 2).  Summonses were issued for service on the defendants on October 21, 2014.  (ECF No. 9).  The docket sheet further indicates that the summonses were executed via service by certified mail on October 23, 2014, making responsive pleadings due by November 13, 2014.  (ECF Nos. 10, 11).

The defendants timely filed an Answer to the Complaint (ECF No. 13) on November 10, 2014.  However, on December 1, 2014, the plaintiff filed a Motion for Default Judgment (ECF No. 17) in which he states that he was not served with a copy of the defendants' Answer to his Complaint within the 21-day time frame permitted by Rule 12(a) of the Federal Rules of Civil Procedure and, as of December 1, 2014, had still not received a copy of the defendants' Answer.  Fed. R. Civ. P. 12(a).  The plaintiff's

motion further states that "[t]his will not allow the Plaintiff sufficient time to file a valid response to the defendant(s) answer." (*Id.* at 1).[1]

On December 8, 2014, defendants Ballard and Rubenstein, by counsel, filed a Response to the plaintiff's Motion for Default Judgment. (ECF No. 18). The Response asserts that their Answer was served on the plaintiff by mail on November 10, 2014, in accordance with Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure, and the defense counsel's normal practice. Another copy of the Answer was attached to the Response (ECF No. 18, Ex. 1). Thus, the defendants assert that, because there is no counterclaim or order by the court for the plaintiff to respond to the Answer, the plaintiff cannot demonstrate any prejudice by the failure to timely receive the defendants' Answer. (*Id.* at 1-2).

On December 19, 2014, the plaintiff filed a Reply brief (ECF No. 19), which asserts that the prison's mail log would demonstrate whether the Answer was delivered to the prison. The Reply also asserts that the defendants' request in their Answer to receive costs and attorney fees associated with defending this action should be considered a counterclaim. That assertion is patently frivolous.

Rule 55(a) requires the Clerk to enter default against "a party against whom a judgment for affirmative relief is sought" when that party has "failed to plead or otherwise defend and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Furthermore, "Rule [55(b)] of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in

---

[1]   The undersigned notes that, where there is no counterclaim included, the Federal Rules of Civil Procedure neither require nor provide for a response to an Answer, unless ordered by the court. Accordingly, this argument lacks merit.

accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *see also* Fed. R. Civ. P. 55(b). Default judgments are not favored.

Prior to the filing of the plaintiff's Motion for Default Judgment (ECF No. 17), the defendants filed an appropriate response to the Complaint in the Clerk's Office. Notwithstanding the delay in receipt of his service copy of the Answer, the plaintiff has now received the Answer and cannot demonstrate any actual prejudice from such delay. Accordingly, there is no meritorious basis for the plaintiff's motion.

Under these circumstances, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Motion for Default Judgment (ECF No. 17) is not warranted. Thus, it is respectfully **RECOMMENDED** that this motion be **DENIED**.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474

U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.


March 19, 2014

Dwane L. Tinsley
United States Magistrate Judge