# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

**JESSE A. LYNCH,**

        **Plaintiff,**

**v.**                                    **Case No. 2:13-cv-30987**

**DAVID BALLARD, Warden,**
**And JIM RUBENSTEIN, Commissioner,**

        **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

On December 4, 2013, the plaintiff filed a Complaint challenging a prison regulation concerning procedures to permit an inmate to get married, and alleging that he has been denied his constitutionally protected right to marry.  (ECF No. 2).  The Complaint requested that the court direct Mount Olive Correctional Complex to allow the marriage to proceed and for the defendants to pay all expenses incurred in this action.  (*Id.* at 6).

On March 20, 2015, the defendants filed a Motion to Dismiss on Grounds of Mootness, which indicates that Policy Directive 507.00 on inmate marriages has been revised and the plaintiff, meeting the revised criteria, was permitted to get married on February 7, 2015.  (ECF No. 25 at 1-2).  Accordingly, the defendants assert that the plaintiff has been granted the relief he sought and that there is no longer a case or

controversy to support the continued maintenance of this civil action as required by Article III of the United States Constitution.  (*Id.* at 2).[1]

On April 9, 2015, the plaintiff filed a Response to the Motion to Dismiss on Grounds of Mootness (ECF No. 27), in which he acknowledges that he was married on February 7, 2015; however, the plaintiff asserts that he was required to expend money to file this civil action to seek such redress and that judgment should be granted in his favor, apparently to reimburse him for such expenses, as requested in the Complaint.

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review.  U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).  When a case or controversy no longer exists, the claim is said to be "moot."  The defendants' Motion to Dismiss (ECF No. 25) asserts that the plaintiff's claim for relief is now moot in light of the fact that he was permitted to get married.

A case becomes moot when the issues are no longer live or the parties lack a cognizable interest in the outcome.  *Powell v. McCormack*, 3965 U.S. 486, 496 (1969).  If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.  *Blanciak v. Allegheny Ludlum Co.*, 77 F.3d 690, 699 (3d Cir. 1996); s*ee also Garcia v. Lawn*, 805 F.2d 1400, 1402 (9th Cir. 1986) (stating that "the test for mootness . . . is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor.").

---

[1]    On March 19, 2015, the undersigned filed a separate Proposed Findings and Recommendation ("PF&R") (ECF No. 24), recommending that the plaintiff's Motion for Default Judgment (ECF No. 17) be denied.  That PF&R remains pending before the presiding District Judge, with no objections thereto.

The undersigned proposes that the presiding District Judge **FIND** that the revision of Policy Directive 507.00 and the fact that the plaintiff was permitted to get married on February 7, 2015 have rendered the plaintiff's claim for such injunctive relief moot, and that the plaintiff's request that the defendants "pay all expenses incurred in this action" is not sufficient to maintain this civil action.   The undersigned notes, however, that the plaintiff has paid $249.67 towards the $350 filing fee that he has been ordered to pay.   Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action as being moot, and order that the plaintiff not be required to pay any further filing fees.   Additionally, it is respectfully **RECOMMENDED** that the presiding District Judge consider ordering that the filing fees already paid by the plaintiff be refunded.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court

of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

April 16, 2015

Dwane L. Tinsley
United States Magistrate Judge